May Term,
1835.

RICHARDSON
v.
VICE.
Tuesday,
May 26.

RICHARDSON v. VICE.

To prove the issuing of a distress warrant by a justice of the peace on a particular day, the entries on the subject in the justice's docket, (the docket being proved,) are competent evidence.

If a distress warrant be proved to be lost, parol evidence of its contents, of its return, and of the constable's proceedings under it, is admissible.

It is not necessary to the liability of a person for improperly taking out a distress warrant, that he should have made an affidavit in order to procure the warrant.

A justice of the peace has no authority, in the case of a distress warrant, to render a judgment for the amount of rent supposed to be due.

The party procuring a distress warrant to issue is answerable for the consequences, whether the rent claimed be or be not of such a nature as to authorise the warrant.

If a landlord distrain and sell goods for rent before the same is due, he is liable by statute to an action of trespass on the case.

ERROR to the *Hendricks* Circuit Court.

BLACKFORD, J.—*Vice* brought an action on the case in the Circuit Court against *Richardson*. The complaint is, that the defendant had distrained and sold certain property of the plaintiff's for rent, when no rent was due. The action is founded on the 4th section of the act of 1831, regulating distress for rent. Plea, not guilty. The jury found the defendant guilty, and that the value of the property distrained and sold was 14 dollars. Judgment, conformably to the statute, for 28 dollars, being double the value of the property distrained and sold, together with costs.

The plaintiff introduced the entries in a docket of a justice of the peace, to show that a distress warrant had issued against

Vice on the 26th of *November*, 1833, upon the application of *Richardson*. The plaintiff also proved, by the justice, the contents of the distress warrant and of the return, having first proved the loss of the warrant. The plaintiff also proved, by the constable, the sale of the property by him, on the 17th of *December*, 1833, by virtue of the distress warrant. All this evidence was objected to, but was admitted by the Court. To prove that no rent was due, at the time of the distress and sale, the lease from *Richardson* to *Vice* for the land was introduced; the execution of the lease being first proved by the subscribing witness. This lease showed the rent not to be payable, until the 1st of *January*, 1834. An objection was made to the admission of the lease as evidence, but the objection was overruled.

There is no error in the admission of any of the testimony to which we have referred. The docket of the justice was proved by himself, and the entries were competent evidence. The distress warrant was proved by the justice to have been lost by him, after it had been returned by the constable. Parol evidence of its contents, of its return, and of the constable's proceedings under it, was therefore admissible. The execution of the lease was proved by the subscribing witness, and the objection to the lease as evidence was therefore untenable. The defendant below contends, that as the affidavit on which the distress warrant issued was not produced, the warrant was not admissible evidence. We are of a different opinion. The application for the warrant by *Richardson*, and his procurement of it, made him liable, whether there was any affidavit or not. The defendant below offered to prove that the plaintiff, before the distress, was removing a part of the property from the premises. This evidence was correctly rejected. It had nothing to do with the merits of the cause.

The entry on the docket of the justice, who had issued the distress warrant, showed that the justice had rendered judgment in favour of *Richardson* against *Vice* for 24 dollars, in the case commenced by the warrant, as the amount of rent due on the lease. The Circuit Court, at the request of *Vice*, informed the jury that this entry was not evidence, as the justice had not, in the case before him, any jurisdiction relative to the rent. This instruction was objected to, but without

cause. The justice had no authority, in the case of the dis- tress warrant, to render a judgment for rent; and his proceeding on that subject is *coram non judice* and void.

*Richardson* requested the Court to charge the jury, that, as the rent was. payable in corn, the justice had no authority to issue the warrant, and that therefore this action would not lie. This charge was correctly refused. It is not material, whether the warrant was issued without authority or not. It was issued on the application of *Richardson,* and he is answerable for the consequences. Suppose a Court, on the application of a party, issues a writ in a case in which the Court has no jurisdiction, and the sheriff, in obedience to the writ, imprisons the defendant,—it is certainly no defence for the plaintiff, or the sheriff, in an action against them for the imprisonment, that the Court had no jurisdiction of the subject. The law is the same in the case before us.

The Court instructed the jury, that *Richardson* had no right to distrain until the time the rent became due; which time, by the contract, was the 1st of *January,* 1834; and that evidence, that the distress and sale were under colour of law, and that no rent was then due, was sufficient for the plaintiff. This charge is unobjectionable.

The truth of the case is, as the record shows, that the distress and sale of the property took place a considerable time before the rent became due; and the statute is express that the party, in such a case, at whose instance the distress was made, is liable to an action of trespass on the case.

*Per Curiam.*—The judgment is affirmed, with *five per cent.* damages and costs.

*H. Brown,* for the plaintiff.
*J. Morrison,* for the defendant.